UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORIANN W.,

       Plaintiff,

v.                   5:18-CV-0017
                     (GTS)
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

APPEARANCES:              OF COUNSEL:

PASHLER & DEVEREAUX, LLP       CHRISTOPHER E. PASHLER,
 Counsel for Plaintiff           ESQ.
11 Summer Street Suite 3W
Buffalo, NY 14209

U.S. SOCIAL SECURITY ADMIN.      PETER W. JEWETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II Special Assistant U.S. Attorney
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this Social Security action filed by Loriann W. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 9 and 10.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

   Plaintiff was born in 1960, making her 55 years old at the amended alleged onset date and 56 years old at the date of the ALJ's decision. Plaintiff reported completing the twelfth grade. Plaintiff has past work as a hospital admitting clerk, surgical unit clerk, retail sales clerk, and shipping and receiving manager. At the initial level, Plaintiff alleged disability due to bilateral tennis elbow, bilateral shoulder bursitis, issues with her bilateral hips, knees and ankles, a back impairment, sleep apnea, anxiety, memory loss, and arthritis.

   B.  **Procedural History**

   Plaintiff applied for Disability Insurance Benefits as well as Supplemental Security Income on October 2, 2014, alleging disability beginning September 24, 2014. Plaintiff subsequently amended her alleged onset date to her fifty-fifth birthday in 2015. (T. 32-33.)[1] Plaintiff's applications were initially denied on December 5, 2014, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ Kenneth Theurer on December 14, 2016. (T. 28-83.) On January 10, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 11-27.) On November 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-4.)

---

[1] The Administrative Transcript is found at Dkt. No. 6. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 16-23.) First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. (T. 16.) Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date. (*Id*.) Third, the ALJ found that Plaintiff's arthropathies, bursitis of the hips, and moderate hearing loss are severe impairments. (T. 16-18.) Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). (T. 18-19.) Specifically, the ALJ considered Listings[2] 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine). (*Id*.) Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than the full range of light work with the following non-exertional limitations:

> [s]he can occasionally climb ramps and stairs and never climb ladders or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She should not work in an environment with a noise level greater than moderate and retains an ability to hear simple oral instructions and to communicate simple information. She can occasionally reach overhead and frequently reach in all other directions.

---

[2] The ALJ also indicated that the evidence "failed to establish the average hearing threshold or speech discrimination scores necessary to meet listing 2.08." (T. 19.) The Court notes that a Listing 2.08 does not appear in the version of Appendix 1 of 20 C.F.R. § 404, Subpart P which was applicable at the time of the ALJ's decision. However, it appears that the ALJ considered Plaintiff's severe impairment of moderate hearing loss under Section 2.00, which applies to special senses and speech.

(T. 19.)  Sixth, and last, the ALJ found that Plaintiff is capable of performing past relevant work as a hospital admitting clerk, surgical unit clerk, retail sales clerk, and shipping and receiving manager.  (T. 22-23.)  The ALJ therefore concluded that Plaintiff is not disabled.

### D. The Parties' Briefings on Their Cross-Motions

#### 1. Plaintiff's Motion for Judgment on the Pleadings

Generally, Plaintiff argues that new and material evidence supports a remand pursuant to sentence six of 42 U.S.C. § 405(g) because, since initiating the instant action, she has subsequently been awarded Title II and Title XVI benefits as of February 17, 2017.  (Dkt. No. 9, Attach. 1, at 2, 11-15 [Pl.'s Mem. of Law]; Dkt. 9, Attach. 3, at 3 [Pl.'s Exhibit 2].)  Specifically, Plaintiff argues that the Social Security Administration's finding that she was disabled as of February 17, 2017, constitutes new and material evidence given that the same set of rules outlined in the Medical-Vocational Guidelines apply in both her first and second applications.  (Dkt. No. 9-1, at 12.)  Plaintiff notes there was no change in age category and argues that, for individuals between 55 and 59, Medical-Vocational Guideline 202.06 directs a conclusion of "disabled."  (*Id.*)  Plaintiff notes SSA's subsequent decision covers the period beginning February 17, 2017, only 38 days after the ALJ's unfavorable decision dated January 10, 2017.  (*Id.* at 13.)  Plaintiff appears to contend that the favorable decision from SSA is material to this matter because she did not change age categories (and thus, the same Medical-Vocational Rule applies) and that there is a great deal of overlap between the conditions and treatment underlying her first and second applications.  (*Id.* at 13-15.)  Plaintiff argues that the conclusion of the Commissioner in Plaintiff's second application sheds light on the seriousness of her condition at the time of her initial application.  (*Id.* at 15.)  Plaintiff argues the Commissioner's decision in

4

this case should be reversed and this matter be remanded solely for the calculation of benefits. (*Id*.)

## 2. Defendant's Motion for Judgment on the Pleadings

Generally, Defendant argues that substantial evidence supports the Commissioner's decision and it should therefore be affirmed. (Dkt. No. 10, at 3, 5-8 [Def.'s Mem. of Law].) Specifically, Defendant argues that the Commissioner's allowance of benefits does not impact the ALJ's decision here and that the Court should decline to remand for consideration of the subsequent decision as "new and material evidence." (*Id*. at 5-8.) Defendant argues that the Commissioner's subsequent allowance of benefits applied only to that later period and does not mean that the ALJ's decision here was not supported by substantial evidence. (*Id*. at 5.) Defendant argues that Plaintiff sets forth several conditions within her argument that were not part of the record before the ALJ; specifically, her first application was premised on bilateral tennis elbow, bilateral shoulder bursitis, issues with the bilateral hips, knees and ankles, a back impairment, sleep apnea, anxiety, memory loss and arthritis, while her subsequent application considered joint pain all over her body, back pain, shortness of breath, balance problems, Hashimoto disease, autoimmune problems, hearing loss, sleep apnea, depression, anxiety and fatigue. (*Id*. at 5-7.)

Defendant also argues that, while the ALJ only decided Plaintiff's case through January 10, 2017, Plaintiff's subsequent application considered evidence from well after the relevant period including evidence from as late as October 2017. (*Id*. at 7-8.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of

the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

III. ANALYSIS

A. **Whether Remand is Required Based on the Commissioner's Subsequent Favorable Decision**

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 10, at 5-8 [Def.'s Mem. of Law].) To those reasons, this Court adds the following analysis.

"New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" *Id.* (quoting *Pollard*, 377 F.3d at 193) (alteration in original). To be material, the evidence must be both probative and relevant to the plaintiff's condition during the alleged period of disability. *Pollard*, 377 F.3d at 193.

"Subsequent favorable disability decisions cannot be new and material evidence 'where the new decision reflects a worsening of conditions.'" *Talbot v. Colvin*, 14-CV-879, 2016 WL 320156, at *4 (N.D.N.Y. Jan. 26, 2016) (quoting *Horn v. Comm'r of Soc. Sec.*, 13-CV-1218, 2015 WL 4743933, at *22 n.8 (E.D.N.Y. Aug. 10, 2015); citing *Rivera v. Colvin*, 592 F. App'x 32, 32-33 (2d Cir. 2015)).

Plaintiff argues that this case should be remanded because she has subsequently been awarded benefits as of February 17, 2017. (Dkt. No. 9, Attach. 1, at 2, 11-15 [Pl.'s Mem. of

Law].) Plaintiff also argues that SSA's subsequent favorable decision constitutes new and material evidence because (a) she did not change age categories (requiring the application of the Medical-Vocational Guideline directing a conclusion of "disabled"), (b) there is a great deal of overlap between the conditions and treatment underlying her first and second applications (with the subsequent favorable decision coming only 38 days after the ALJ's January 2017 unfavorable decision), and (c) the conclusion of the Commissioner in Plaintiff's second application sheds light on the seriousness of her condition at the time of her initial application. (*Id.*) The Court finds these arguments unpersuasive for the following reasons.

First, as indicated by Defendant, a subsequent favorable decision alone does not indicate that the ALJ's unfavorable decision here is unsupported by substantial evidence. (Dkt. No. 10, at 6 [Def.'s Mem. of Law] (citing *Caron v. Colvin*, 600 F. App'x 43 (2d Cir. 2015); *Davidson v. Colvin*, 12-CV-316, 2013 WL 5278670, at *10 (N.D.N.Y. Sept. 18, 2013)). The Court notes that Plaintiff has included no other arguments detailing any alleged errors by the ALJ in making his findings. (Dkt. No. 9, Attach. 1, [Pl.'s Mem. of Law].) Further, as Defendant has pointed out, the medical evidence between the two applications could have been identical and two different factfinders still could have reached different conclusions. (Dkt. No. 10, at 8 [Def.'s Mem. of Law].) Plaintiff has presented no additional arguments here to persuade the Court otherwise.

Second, the Court notes that SSA's favorable decision is not of record here. However, the description of Plaintiff's second application does indicate additional new alleged impairments including hearing loss, balance problems, Hashimoto disease, autoimmune problems, shortness of breath, depression, and fatigue. (Dkt. No. 9, Attach. 2, at 5 [Pl.'s Exhibit 1].) There are also indications that Plaintiff has engaged in new or additional treatment for some of these alleged impairments following the ALJ's January 2017 decision. For example, she

began treating with pulmonologist Anil Ghimire, M.D., at University Pulmonary Clinic in September 2017 for shortness of breath and breathing problems. (*Id*. at 7.) She also began treating with rheumatologist Hom Neupane, M.D., at Upstate Rheumatology Clinic in September 2017 in order to do testing for lupus. (*Id*.) This suggests that SSA's subsequent favorable decision dated May 18, 2018, addressed both additional impairments and likely additional evidence related to Plaintiff's condition during a period separate from that of the period relevant to the ALJ's January 2017 unfavorable decision. *Pollard*, 377 F.3d at 193.

Third, Plaintiff has neither presented arguments nor is the Court convinced that the subsequent favorable decision is material in that it would have influenced the Commissioner to decide Plaintiff's first application differently. *Stratton*, 51 F. Supp. 3d at 218 (quoting *Pollard*, 377 F.3d at 193).

For these reasons, the Court is not persuaded that the subsequent favorable decision constitutes new and material evidence in that it is both probative and relevant to Plaintiff's condition during the period relevant to the ALJ's decision here. *Pollard*, 377 F.3d at 193. The Court therefore finds that the subsequent favorable decision finding Plaintiff disabled as of February 17, 2017, is not new and material evidence requiring remand in this case.

Lastly, although Plaintiff has not alleged any errors made by the ALJ in making his disability determination, the Court has fully reviewed the ALJ's decision and the record here and finds that the ALJ's decision is supported by substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**, and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 12, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge